UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

                        :

WASHINGTON EDUARDO POLIT,      :

                        :

                  Plaintiff,     :            14-CV-7360 (JPO)

                        :

          -v-             :         <u>OPINION AND ORDER</u>

                        :

GLOBAL FOODS INTERNATIONAL    :

CORPORATION,                 :

                        :

                  Defendant.   :

------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

       Plaintiff Washington Eduardo Polit filed this action on September 11, 2014, seeking

damages and an injunction for alleged unpaid wages and unlawful deductions in violation of the

Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act.  (Dkt.

No. 1.)  Global Foods International Corporation answered the complaint on October 7, 2014, and

moved to compel arbitration on January 8, 2015.  (Dkt. Nos. 8, 13.)  On April 20, 2015, the

Court determined that "all of the issues raised in this action must be arbitrated," granted the

motion to compel arbitration, and dismissed the case.  (Dkt. No. 28 at 11.)

       On January 6, 2016, Polit moved to reopen the case and moved for sanctions.  (Dkt. No.

30.)  Polit alleges that he initiated an arbitration proceeding on or about April 29, 2015, nine days

after this Court's opinion compelling arbitration, with the American Arbitration Association

("AAA").  (Dkt. No. 31 ¶ 7.)  As the hearing date approached, the AAA notified the parties that

Global Foods had not paid its share of the filing fee or the arbitrator's compensation.  (*Id*. ¶ 8;

*see id.* Ex. B.)  The AAA notified the parties that Global Foods owed about $20,000 in arbitrator

fees and asked for payment from Global Foods or Polit, if Polit was willing.  (*Id.* ¶¶ 9-12; *see id.*

Exs. B-C.)  Global Foods did not respond and Polit said he was unable to pay, so on November

10, 2015, the AAA cancelled the arbitration hearing.  (*Id.* ¶ 12, ex. C.)  On January 6, 2016, having heard from neither party, the AAA "assume[d] th[e] matter [was] settled," terminated the arbitration proceeding, and closed the file.  (*Id.* Ex. D.)  The same day, Polit moved to reopen the action in this Court.  Global Foods has not responded to the motion within the required time.

Polit moves under Rule 60(b) of the Federal Rules of Civil Procedure.  That Rule permits a Court to "relieve a party . . . from a final judgment, order, or proceeding" for certain enumerated reasons, Fed. R. Civ. P. 60(b)(1)-(5), or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  The decision to grant a 60(b) motion is within the "sound discretion of the district court," and Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case."  *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citations and internal quotation marks omitted); *see ISC Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 109 & n.19 (2d Cir. 2012).  Nonetheless, relief under Rule 60(b)(6) is available only if the other subsections of Rule 60(b) do not apply, and if "extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant."  *ISC Holding*, 688 F.3d at 109.  A Rule 60(b)(6) motion must also be made within a reasonable time, as this one was.  Fed. R. Civ. P. 60(c)(1).

Relief under Rule 60(b)(6) is warranted here.  First, none of the other sections of Rule 60(b) apply.  Polit seeks relief alternatively under Rule 60(b)(3), which permits relief in the event of "misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  He argues that Global Foods sought arbitration "solely to cause delay."  (Dkt. No. 33 at 2.)  But Polit offers no evidence of misconduct, only evidence of default by Global Foods.  *See Koch v. Pechota*, No. 15-153-cv, __ F. App'x __, 2016 WL 319638, at *2 (2d Cir. Jan. 27, 2016) ("A movant seeking Rule 60(b)(3) relief must produce 'clear and convincing evidence' of the alleged fraud or misconduct." (quoting *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989))).

Second, this is an extraordinary case in which Polit would suffer extreme hardship were relief denied.  Polit has diligently pressed his claims.  He sought arbitration within nine days of this Court's order compelling arbitration, paid his share of the filing fees, and submits an affidavit professing his inability to pay Global Foods's share of the fees to permit arbitration to proceed.  (Dkt. No. 32.)  To deny this motion would deny Polit his day in any judicial or arbitral forum.  Rather, Global Foods will have evaded the possibility of liability by demanding arbitration and then defaulting in the arbitration proceeding.

Reopening the case is also appropriate under the Federal Arbitration Act.  The Act "directs a district court to enter a 'stay of proceedings' in cases where the claims are 'referable to arbitration.'" *Polit v. Global Foods*, No. 14-CV-7360, 2015 WL 1780161, at *5 (S.D.N.Y. Apr. 20, 2015) (quoting 9 U.S.C. § 3).  Such a stay, however, lasts "until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."  9 U.S.C. § 3.

In this case, the Court dismissed the case without prejudice because all the claims were arbitrable.  Arbitration has now been "had" in accordance with the agreement.  The agreement requires that claims "be settled by arbitration in accordance with the rules of the American Arbitration Association."  (Dkt. No. 31 Ex. A at ¶ 15.)  And the AAA, pursuant to its rules, has terminated the arbitration, "removing the § 3 requirement for the district court to stay the proceedings."  *See Pre-Paid Legal Servs. v. Cahill*, 786 F.3d 1287, 1293-94 (10th Cir. 2015) (explaining that § 3 was satisfied when the AAA terminated an arbitration due to Defendant's refusal to pay fees).  In any event, reinstatement is appropriate, since Global Foods was in default in the arbitration proceeding.  *See id.* at 1294 ("Failure to pay arbitration fees constitutes a 'default' under § 3."); *Sink v. Aden Enters., Inc.*, 352 F.3d 1197, 1200 (9th Cir. 2003).

It is of no moment that this case was dismissed rather than stayed pending arbitration. The Court granted dismissal without prejudice in its discretion because "all of the issues raised in this action must be arbitrated." *Polit*, 2015 WL 1780161, at *5 (citing 9 U.S.C. § 3).  Now that Polit's claims may proceed in federal court, reopening is appropriate.

For the foregoing reasons, Polit's motion to reopen is GRANTED.  The motion for sanctions is DENIED.  The Clerk of Court is directed to close the motion at Docket Number 30.


SO ORDERED.


Dated: February 17, 2016
       New York, New York

                                                    _____
                                                         J. PAUL OETKEN
                                                    United States District Judge